IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01865-BNB

HUBBERT ROY,

    Plaintiff,

v.

U.S., and
T.S.A.,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP -2 2011

GREGORY C. LANGHAM
                     CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Hubbert Roy, initiated this action by filing a Complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. On August 2, 2011, Magistrate Judge Boyd N. Boland directed Plaintiff to cure certain deficiencies. Specifically, he directed Plaintiff to file a complete complaint and motion and affidavit on the court-approved forms, which Plaintiff filed on August 11, 2011. Plaintiff was granted leave to proceed *in forma pauperis* on August 16, 2011. The Court will construe the complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the complaint and has determined that it is deficient. In the jurisdiction section, Mr. Roy asserts jurisdiction pursuant to "180 days time line also Title 28 U.S. Code". Complaint at 2. This allegation does not provide a proper basis for

the Court's jurisdiction. However, liberally construing the complaint, it appears that Plaintiff is asserting a claim pursuant to the Federal Tort Claims Act (FTCA) for damage to his property incurred during a flight from Denver to California.

Plaintiff is directed that in an FTCA action, the United States is the only proper Defendant. 28 U.S.C. § 2679(d)(1). Accordingly, the Transportation Security Administration (TSA) is not a proper party to this action. Plaintiff will therefore be instructed to file an Amended Complaint that names only the United States as a party to the action.

In addition, instead of asserting any claims for relief on the Court-approved form, Plaintiff has provided the Court with numerous unexplained attachments and exhibits. Plaintiff has left the "background" section of the complaint blank, and he has not asserted any claims for relief. Therefore, Plaintiff fails to assert claims that comply with Rule 8 of the Federal Rules of Civil Procedure. Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The complaint is confusing and vague, and appears to rely on attachments that are equally vague and confusing. Plaintiff fails to explain the basis for his claims under the Federal Tort Claims Act. The Court is not responsible for reviewing any attached

documents submitted by Plaintiff to determine what claims and specific facts he intends to raise in this action.

Although Plaintiff's complaint fails to comply with Fed. R. Civ. P. 8, Mr. Roy will be given an opportunity to file an amended complaint that alleges clearly on the Court-approved form both the claims he seeks to raise and the specific facts to support each asserted claim. Accordingly, it is

ORDERED that Plaintiff, Hubbert Roy, files **within thirty (30) days from the date of this Order** a Amended Complaint in keeping with this Order. It is

FURTHER ORDERED that Mr. Roy shall obtain the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Plaintiff fails to file a Amended Complaint that complies with this Order, to the Court's satisfaction and within the time allowed, the action will be dismissed without further notice.

DATED September 2, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01865-BNB

Hubbert Roy
4943 Ursula St.
Denver, CO 80239

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on September 2, 2011.

                                GREGORY C. LANGHAM, CLERK

                                By: _____
                                            Deputy Clerk