IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–01865–CMA–KMT

HUBBERT ROY,

      Plaintiff,

v.

UNITED STATES,

      Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Magistrate Judge Kathleen M. Tafoya**

This case involves claims, pursuant to the Federal Tort Claims Act (FTCA), that Defendant damaged Plaintiff's property during a flight from Denver to California. This matter is before the court on "Defendant's Motion to Dismiss Amended Complaint" (Doc. No. 18 [Mot.], filed December 7, 2011). Plaintiff filed his response on December 13, 2011 (Doc. No. 20 [Resp.], and Defendant filed its reply on December 19, 2011 (Doc. No. 21 [Reply]). This motion is ripe for review and recommendation.

**PROCEDURAL HISTORY**

Plaintiff filed his original Complaint on July 19, 2011. (Doc. No. 1.) Plaintiff was ordered to amend his complaint to cure deficiencies (Doc. No. 3), and he filed an Amended Complaint, naming the United States and the Transportation Security Administration as defendants, on August 11, 2011 (Doc. No. 4). Magistrate Judge Boyd N. Boland entered an

Order in which he explained that in an FTCA action the United States is the only proper defendant. (Doc. No. 8 at 2.) Magistrate Judge Boland ordered the plaintiff to file a Second Amended Complaint, complying with Fed. R. Civ. P. 8, using the Court-approved form, and naming only the United States as a party. (*Id.* at 2–3.) On October 10, 2011, Plaintiff filed his Second Amended Complaint. (Doc. No. 10.)

Defendant now seeks dismissal on the bases that (1) Plaintiff has not met his pleading requirements under Fed. R. Civ. P. 8; (2) Plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6); and (3) this Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). (Mot.)

## STATEMENT OF THE CASE

In his Second Amended Complaint, Plaintiff claims that on January 1, 2010, he traveled by Southwest Airlines flight 1771 from Denver to Sacramento, California, and states:

> I arrives in sac [sic], [C]alifornia, left the airport put my bag in the truck drove to my sister house in [S]tockton, [C]alifornia, took my bag in side [sic] the house open up the bag and found out that the TSA agent left a notice informing me that they went inside my bag. When I look inside my bag I saw that my frangrance [sic] oils was spill all over my bag also my bag was torn where there had a zipper look inside and found out my diamond earring was missing, Ed Hardy pants was destroy [sic] due to the fact frangrance [sic] oils was spill all over the pants.

(Doc. No. 10 at 2.) Plaintiff seeks money damages. (*Id.* at 11–13.)

## *PRO SE* STANDARD

Because Plaintiff appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (refusing to "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (declining to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

## ANALYSIS

### A.   *Limitations Period for FTCA Claims*

Defendant argues that Plaintiff's claims are subject to dismissal under Fed. R. Civ. P. 12(b)(1) because Plaintiff did not timely file suit within 180 days of the issuance of his FTCA Right to Sue Letter. (Mot. at 7.)

Rule 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal

courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*

"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency. . . within six months . . . of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b); *Franklin Savings Corp. v.*

*United States*, 385 F.3d 1279, 1287 (10th Cir. 2004). "Timeliness of suit is one of the conditions of the government's waiver of sovereign immunity under the FTCA, and the district court lacks subject matter jurisdiction to proceed under the FTCA if a plaintiff fails to satisfy the FTCA's timing requirements set forth in § 2401(b)." *Franklin Saving*s, 385 F.3d at 1287.

The FTCA Right to Sue Letter was issued to Plaintiff on April 14, 2010.[1] (Doc. No. 10 at 10.) Plaintiff did not file this action until July 19, 2011, well after the six month limitation period had expired. Plaintiff argues, however, that because he filed another suit in this district on May 5, 2010, within the six-month limitation period, his case is not time barred.[2] (Resp. At 2, ¶ 1.) The Supreme Court, in *Irwin v. Veterans Admin.*, 498 U.S. 89 (1990), held that equitable tolling can be applied to preserve actions brought against the federal government that would otherwise be time-barred. *Irwin*, 498 U.S. at 94. Once Congress has waived its sovereign immunity with respect to particular suits, "making the rule of equitable tolling applicable to suits against the Government in the same way that it is applicable to private suits, amounts to little, if any, broadening of the congressional waiver." 498 U.S. at 94. The Supreme Court noted, however, that

---

[1] A court has broad discretion to consider affidavits or other documents to resolve disputed jurisdictional facts under rule 12(b)(1). *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). In those instances, a court's reference to evidence outside the pleadings does not necessarily convert the motion to a rule 56 motion for summary judgment. *See Holt*, 46 F.3d at 1003 (citing *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987)).

[2] Plaintiff's previous action, Civ. Action No. 10-cv-01019-CMA-KMT, containing virtually identical allegations, was dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(6). (*See* 10-cv-01019-CMA-KMT, Doc. Nos. 33, 36, 37.)

> [f]ederal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.

*Id.* at 96 (footnotes omitted).

Plaintiff actively pursued his claims against the United States by filing his initial case in this Court well within the statutory period. Moreover, Plaintiff's initial case in this Court was dismissed for failure to meet the pleading requirements of Fed. R. Civ. P. 8(a). (*See* 10-cv-01019-CMA-KMT, Doc. Nos. 33, 36, 37). Thus, Plaintiff's case falls within the narrowly defined class of cases in which a federal statute of limitations is equitably tolled. *See Irwin*, 498 U.S. 89.

In its Reply, the Defendant cites a Ninth Circuit case that found the FTCA's statute of limitations could not be equitably tolled. (Reply at 6 [citing *Marley v. United States*, 567 F.3d 1030 (9th Cir. 2009)].) However, the Tenth Circuit has never decided whether equitable tolling applies to the FTCA. Rather, the Tenth Circuit has assumed without deciding that equitable tolling applies to the limitation periods of the FTCA in order to demonstrate that application of the doctrine in those cases would have made no difference to their outcomes. *See Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir.1994); *Pipkin v. United States Postal Svc.*, 951 F.2d 272, 274 (10th Cir .1991); *Farlaino v. United States*, No. 9505165, 1997 WL 139768, at *4 (10th Cir. Mar. 25, 1997). In *Benge*, the Court stated that "[a]ssuming arguendo that plaintiffs' situation is one to which equitable tolling should be applied, the doctrine would not save plaintiffs' claims." *Benge*, 17 F.3d at 1288. In *Pipkin*, the Court stated that "[e]ven if we could

assume that the first FTCA action . . . tolled the limitations period, . . . [Plaintiff] commenced the current FTCA action well beyond six months after the denial of the grievance." *Pipkin*, 951 F.2d at 274. In *Farlaino*, the Court stated that assuming the FTCA statute of limitations was tolled during the pendency of the plaintiff's first complaint, the refiling of the complaint there was not timely because it was not accomplished within six months of the administrative denial of her claim. *Farlaino*, 1997 WL 139768, at *4.

These cases are distinguishable from this case, however. Here, Plaintiff filed his original action on May 5, 2010 (*see* 10-cv-01019-CMA-KMT, Doc. No. 3), just twenty-one days after the Right to Sue Letter was issued on April 14, 2010 (*see* Doc. No. 10 at 8). Assuming, as the Tenth Circuit did in *Benge*, *Pipkin*, and *Farlaino*, that the FTCA statute of limitations was tolled during the pendency of Plaintiff's first case, he still had 159 days remaining under the statute of limitations to file a new case. Plaintiff filed his current case on July 19, 2011, ninety-seven days after the dismissal of his previous action in this court. Thus, assuming the statute of limitations was tolled, Plaintiff timely filed his new complaint.

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's claims for lack of subject matter jurisdiction should be denied. This court now proceeds to Defendant's remaining arguments.

### B.     *Fed. R. Civ. P. 8(a) and 12(b)(6)*

Defendant also moves for dismissal of Plaintiff's claims for failure to meet the pleading requirements of Fed. R. Civ. P. 8(a) and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Mot. at 2–7.) Under Rule 8(a)(2), a pleading must

contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc. v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1109 (citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citations omitted).

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies the allegations in the complaint that are not entitled to the assumption of truth, that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

As in Plaintiff's first case filed against the United States, Plaintiff appears to asserts a single claim for relief for negligence based on *res ipsa loquitur*. *Res ipsa loquitur* is a rule of evidence that gives rise to a rebuttable presumption of the defendant's negligence, but it does not create a substantive claim for relief. *Stone's Farm Supply, Inc. v. Deacon*, 805 P.2d 1109, 1114 (Colo. 1991). To assert a claim of negligence pursuant to Colorado law, Plaintiff must prove four elements: (1) there is a duty owed, (2) there is a breach of that duty, (3) there is an injury to the plaintiff, and (4) there is a proximate cause relationship between the breach and the injury. *Bullock v. Wayne*, 623 F. Supp. 2d. 1247, 1252 (D. Colo. 2009).

In her Order dismissing Plaintiff's initial case without prejudice, District Judge Christine M. Arguello advised Plaintiff if he wished to file another complaint

> the complaint should include **facts** that show that the United States owed him a duty of care, how it breached that duty, and what damages he suffered as a result of the breach. Such facts should include, for example, the date of the incident,

time of the incident, where the incident occurred, and any facts that show why the United States is responsible for the injury.

(Case No. 10-cv-01019-CMA-KMT, Doc. No. 36 at 4 [emphasis in original].)

Once again, other than an alleged injury, Plaintiff has provided no facts to support the material elements of a negligence action and, instead, relies entirely on conclusory allegations without any factual averments. *Hall*, 935 F.2d at 1110. Thus, Plaintiff Second Amended Complaint fails to allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 129 S. Ct. at 1949.

As such, Plaintiff's claims are properly denied once again.[3] *See Hall v. Witteman*, 584 F.3d 859, 863–65 (10th Cir. 2009) (dismissing claim pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff's complaint was devoid of direct or inferential allegations respecting material elements necessary to sustain recovery under the viable legal theory).

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that "Defendant's Motion to Dismiss Amended Complaint" (Doc. No. 18) be GRANTED.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.

---

[3]The court notes in Case No. 10-cv-01019-CMA-KMT, Plaintiff amended his complaint three times prior to his case finally being dismissed without prejudice. In this case, Plaintiff has amended his complaint twice. (*See* Doc. Nos. 4, 10.)

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 9th day of February, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge