IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01865–CMA–KMT

HUBBERT ROY,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

## ORDER

This matter is before the court on "Defendant's Amended Motion to Stay and Vacate Scheduling Conference" (Doc. No. 23, filed February 2, 2012).

In this action, Plaintiff asserts claims pursuant to the Federal Tort Claims Act (FTCA), that Defendant damaged Plaintiff's property during a flight from Denver to California. (*See* Doc. No. 10.) Defendant filed a Motion to Dismiss (Doc. No. 18), and this court filed its Recommendation that the motion to dismiss be granted (Doc. No. 25). Defendant seeks a stay of the case pending a ruling on the motion to dismiss. (Doc. No. 23.)

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(a).

A motion to stay discovery is an appropriate exercise of this court's discretion. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, 198 (3d ed. 2010); *see also Vivid Techs., Inc. v.. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

A stay of all discovery is generally disfavored. *See Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at*2 (D. Colo. Mar. 2, 2007) (unpublished). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). When considering a stay of discovery, the court may consider and weigh: (1) the plaintiff's

interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unpublished) (citing cases).

Defendant contacted Plaintiff regarding this motion, and Plaintiff advised that he opposes the motion. (Doc. No. 23, ¶ 8.)  Defendant argues that to engage in discovery would impose an undue burden. (*Id.*, ¶ 6.)  Defendant also argues that judicial efficiency and savings to all parties will result if the motion to dismiss is decided before proceeding further in this matter. (*Id.*)  The court agrees that, especially in light of the Recommendation that the Motion to Dismiss be granted, to force Defendant to engage in discovery would be an undue burden.  Moreover, based on the Recommendation, it would be a waste of judicial resources to proceed with a scheduling conference and discovery at this point.  Though the court recognizes Plaintiff's interest in proceeding in this matter, his interest is not outweighed by the burden to Defendant of proceeding while a Recommendation to dismiss the complaint is pending.  Finally, though not addressed by Defendant, the court also considers the interests of non-parties and the public interest in general.  Neither of these factors prompt the court to reach a different result.

Balancing these factors, the court finds that a stay of discovery and other deadlines is appropriate in this case.

Therefore, it is

**ORDERED** that "Defendant's Amended Motion to Stay and Vacate Scheduling Conference" (Doc. No. 23) is **GRANTED**.  This matter is **STAYED** pending ruling on the

Motion to Dismiss. The Scheduling Conference set for February 14, 2012, and all other deadlines in this court's Order Setting Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting are **VACATED**. Defendant shall file a status report no later than five days after the District Court's ruling on its Motions to Dismiss if the Motion is denied.

Dated this 9th day of February, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge