IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 11-cv-01865-CMA-KMT

HUBBERT ROY,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

**ORDER AFFIRMING FEBRUARY 9, 2012
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Kathleen M. Tafoya (Doc. # 25) that the Government's Motion to Dismiss Amended Complaint (Doc. # 18) be granted. Despite having its motion granted, the Government has filed partial objections.[1] (Doc. # 27.) In brief, the Government argues that the Magistrate Judge erred in finding that the Federal Tort Claims Act ("FTCA") statute of limitations was tolled during the pendency of Plaintiff's first FTCA suit, which was dismissed by this Court without prejudice on April 12, 2011 for failure to state a claim. *See Roy v. United States (Roy I)*, No. 10-cv-01019, 2011 WL

---

[1] Plaintiff, who is proceeding *pro se*, has not filed any objections to the Recommendation.

1377080, at *2 (D. Colo. Apr. 12, 2011) (unpublished). For the following reasons, the Court affirms the Recommendation of the Magistrate Judge.

## I. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, a district court judge is required to "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is timely if made within 14 days after the magistrate judge issues his recommendation. *Id.* An objection is sufficiently specific if it "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *See id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). If objections are not made or if made improperly, the Court has discretion to review the recommendation under whatever standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## II. BACKGROUND

This case involves Plaintiff's claims that the Government damaged Plaintiff's property during a flight from Denver to California. (Doc. # 10.) On April 14, 2010, Plaintiff received a FTCA Right to Sue Letter. Twenty-one days later, on May 5, 2010,

Plaintiff filed his original action in this Court. (*See Roy I*, Case No. 10-cv-01019, Doc. # 3.) As mentioned, this Court dismissed *Roy I* for failure to state a claim upon which relief may be granted on April 12, 2011. Notably, the Court explicitly dismissed the action without prejudice. *See Roy I*, 2011 WL 1377080, at *2. Rather than seeking leave to amend his complaint, Plaintiff instead filed the instant case on July 19, 2011 (ninety-seven days after dismissal of the previous action). On December 7, 2011, the Government moved to dismiss Plaintiff's Amended Complaint for (1) failure to comply with Fed. R. Civ. P. 8(a); for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6); and for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. # 18.) Plaintiff responded on December 13, 2011, and the Government replied on December 19, 2011. (Doc. ## 20, 21.)

In her Recommendation, the Magistrate Judge recommended dismissing Plaintiff's Amended Complaint for failure to state a claim, but denied the Government's motion to dismiss for lack of subject matter jurisdiction. Specifically, the Magistrate Judge found that the FTCA statute of limitations was tolled during the pendency of *Roy I*. In its objections, the Government contends that the FTCA statute of limitations is not subject to tolling and the case should have been dismissed for lack of subject matter jurisdiction.

### III. ANALYSIS

28 U.S.C. § 2401(b) provides that "[a] tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing,

be certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." Because Plaintiff filed the instant action more than 180 days after receiving the April 14, 2010 Right to Sue Letter, the Government argues that the case should have been dismissed for lack of subject matter jurisdiction because Plaintiff did not timely file the case. The Magistrate Judge, however, found that the FTCA statute of limitations was tolled during the pendency of *Roy I* and, therefore, declined to dismiss on this basis. The Court agrees with the Magistrate Judge.

In its Reply, the Government relies primarily on a Ninth Circuit case, *Marley v. United States*, which held that the FTCA statute of limitations is jurisdictional and cannot be tolled. *See* 567 F.3d 1030 (9th Cir. 2009). Several other circuit courts, however, have held otherwise. *See Santos v. United States*, 559 F.3d 189, 195 (3d Cir. 2009); *T.L. ex rel. Ingram v. United States*, 443 F.3d 956, 961 (8th Cir. 2006); *see also Genao v. United States*, No. 08-cv-878, 2010 WL 3328017, at *4 n.4 (E.D.N.Y. Aug. 19, 2010) (unpublished) (noting that the Second Circuit has, *sub silentio*, allowed for the possibility of equitable tolling in an FTCA claim). Although the Supreme Court has not expressly determined whether equitable tolling may apply in FTCA cases, it has established a rebuttable presumption that equitable tolling is available in suits against the government. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-97 (1990). More recent Supreme Court decisions also suggest that the FTCA deadlines encompassed in § 2401(b) are not jurisdictional and are subject to tolling. *See Henderson ex rel. Henderson v. Shinseki*, 131 S.Ct. 1197, 1206 (2011) (holding that the 120-day

deadline for filing a notice of appeal for a veteran claim was not jurisdictional and noting that "[f]iling deadlines, such as the 120-day filing deadline at issue here, are quintessential claim-processing rules."); *Gonzalez v. Thaler*, 132 S.Ct. 641, 648-52 (2012) (concluding that the requirement that a habeas petitioner must obtain a certificate of appealability to appeal a district court's habeas ruling is not jurisdictional); *see also Dunlap v. United States*, No. 11-01360, 2012 WL 510532, at *2-5 (D. Ariz. Feb. 16, 2012) (unpublished) (relying on recent Supreme Court precedent to find that the FTCA filing deadlines may be tolled, notwithstanding *Marley*).

The Tenth Circuit does not appear to have conclusively decided the issue of whether the FTCA statute of limitations periods may be tolled. However, as the Magistrate Judge noted, the Tenth Circuit has assumed, without deciding, that equitable tolling applies to the FTCA limitation periods. *See Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir. 1994); *Pipkin v. United States Postal Serv.*, 951 F.2d 272, 274 (10th Cir. 1991); *Farlaino v. United States*, No. 95-4165, 1997 WL 139768 (10th Cir. Mar. 25, 1997) (unpublished). In *Pipkin*, the plaintiff's original FTCA suit was dismissed without prejudice. The plaintiff then filed a second, virtually identical suit a year later, which was also dismissed. *See Pipkin*, 951 F.2d at 274. On appeal, the *Pipkin* court assumed that the six-month limitations period set out in § 2401(b) was tolled during the pendency of Plaintiff's first FTCA action. *Id.* The Tenth Circuit did the same thing in *Farlaino*: "Assuming, as did the court in *Pipkin*, that the statute of limitations was tolled during the pendency of [the plaintiff's] original FTCA action, the limitations period did not

5

begin to run until the district court dismissed the original action for failure to prosecute." *Farlaino*, 1997 WL 139768, at *4.

Given the Supreme Court's recent guidance suggesting that FTCA statute of limitations periods may be tolled, and the Tenth Circuit's tacit acceptance of tolling in FTCA cases, the Court is not persuaded by the Government's argument that tolling is not available against the United States in an FTCA action. Assuming that Plaintiff's claims were tolled during the pendency of his first case, as the Tenth Circuit did in *Benge*, *Pipkin*, and *Farlaino*, Plaintiff had 159 days remaining under the statute of limitations after the dismissal of his first case. Plaintiff filed the instant action 97 days after dismissal of his first case. Thus, the Court finds that Plaintiff's second case was timely filed within the 180-day period require by § 2401(b). As such, the Court agrees with the Magistrate Judge's recommendation that Plaintiff's claims should not be dismissed for lack of subject matter jurisdiction.

However, the Court also agrees with the Magistrate Judge that Plaintiff's amended complaint should be dismissed for failure to state a claim.[2] Although the Magistrate Judge did not specify whether dismissal should be with or without prejudice,

---

[2] Neither party has objected to the Recommendation insofar as it recommended that Plaintiff's claim be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). "In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). The Court has reviewed this aspect of the Recommendation, and finds that "there is no clear error on the face of the record." Fed. R. Civ. P. 72 advisory committee's note.

the Court finds that dismissal with prejudice is appropriate because further amendment would be futile.[3]

Accordingly, the Court AFFIRMS and ADOPTS the Recommendation of Magistrate Judge Tafoya. (Doc. # 25.)  The Government's objections (Doc. # 27) are OVERRULED.

It is FURTHER ORDERED that the Government's Motion to Dismiss Amended Complaint (Doc. # 18) is GRANTED and this case is DISMISSED WITH PREJUDICE.

DATED:  April __04__, 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[3] In *Roy I*, Plaintiff amended his complaint three times prior to his case being dismissed without prejudice.  In this case, Plaintiff has already amended his complaint twice.  (*See* Doc. ## 4, 10.)  In the order dismissing *Roy I*, the Court advised Plaintiff that if he wished to file another complaint, the complaint should include, "facts that show that the United States owed him a duty of care, how it breached that duty, and what damages he suffered as a result of the breach." *See Roy I*, 2011 WL 1377080, at *2 (emphasis removed). Despite this advisement, Plaintiff has again failed to plead facts sufficient to state a claim.  Although the Court is cogni-zant of Plaintiff's *pro se* status, his lack of legal representation does not afford him unlimited attempts to comply with pleading standards.  Thus, the Court concludes that dismissal with prejudice is appropriate because it is apparent that further amendment would be futile.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).